ABNER ORR, Assignee,

*v.*

THE HANOVER FIRE INSURANCE COMPANY.

*Filed at Springfield October 14, 1895.*

INSURANCE—*assignment for creditors is within the clause of a policy against transfers.* A valid voluntary assignment for creditors passes the title of the assignor, and constitutes a violation of a condition of an insurance policy that if the property, or any interest therein, be sold or transferred, or any change takes place in the interest, title or possession, the policy shall be void.

*Hanover Fire Ins. Co.* v. *Orr,* 56 Ill. App. 621, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Vermilion county; the Hon. FERDINAND BOOKWALTER, Judge, presiding.

W. J. CALHOUN, and H. M. STEELY, for appellant:

A general assignment for the benefit of creditors is not a violation of the conditions in a policy against alienation or change of title or interest. *Iron Co.* v. *Assurance Co.* 46 Wis. 23; *Insurance Co.* v. *Lawrence,* 4 Metc. (Ky.) 9; *Starkweather* v. *Insurance Co.* 2 Abb. 67; *Lazarus* v. *Insurance Co.* 19 Pick. 81; *Gordon* v. *Insurance Co.* 2 id. 249.

Such a conveyance is only in trust, to apply the proceeds to the payment of the debts of the assignor and return the surplus or undisposed property to him. *Walker*

v. *Ross*, 150 Ill. 50; Burrill on Assignments, secs. 2, 3; *Farwell* v. *Nilsson*, 133 Ill. 45; *Weber* v. *Mick*, 131 id. 533.

Any alienation which leaves in the insured an insurable interest does not avoid the policy. *Insurance Co.* v. *Clancey*, 9 Ill. App. 137; *Insurance Co.* v. *Connor*, 20 id. 297; *Scammon* v. *Insurance Co.* id. 500; *Assurance Co.* v. *Scammon*, 126 Ill. 355; 1 May on Insurance, sec. 264; *Ayers* v. *Insurance Co.* 17 Iowa, 176.

While the assured must have an insurable interest in the property, yet he is only required to show such an interest that in case of loss, were the property not insured, the loss would fall upon him. *Insurance Co.* v. *Jackson*, 83 Ill. 302; *Insurance Co.* v. *Nelson*, 65 id. 419.

A person has an insurable interest whenever he would suffer loss or disadvantage by the destruction of the property. *Insurance Co.* v. *Clancey*, 9 Ill. App. 137; *Shaw* v. *Insurance Co.* 49 Mo. 578; *Putnam* v. *Insurance Co.* 5 Metc. 386; *Railroad Co.* v. *Insurance Co.* 98 Mass. 423; *Coursin* v. *Insurance Co.* 10 Wr. 323; *DeForrest* v. *Insurance Co.* 1 Hall, 84; *Insurance Co.* v. *Brown*, 43 N.Y. 389; *Warren* v. *Insurance Co.* 31 Iowa, 465; *Stephens* v. *Insurance Co.* 43 Ill. 327.

Failure to name an assignment for the benefit of creditors in these policies was in effect saying that such a conveyance did not fall within the prohibited acts in the policy. *Insurance Co.* v. *Spankneble*, 52 Ill. 53; *Masters* v. *Insurance Co.* 11 Barb. 624; *Smith* v. *Insurance Co.* 50 Me. 96; *Rollins* v. *Insurance Co.* 5 Foster, 204.

Provisions in policies in the nature of forfeitures are inserted for the benefit of the company, and are to be strictly construed against the insurer, and no intendments will be indulged in favor of a forfeiture thereunder. *Insurance Co.* v. *Storig*, 137 Ill. 646; *Insurance Co.* v. *Eddy*, 55 id. 213; *Hoffman* v. *Insurance Co.* 32 N.Y. 405; *Accident Ass.* v. *Frohard*, 134 Ill. 228; *Raun* v. *Insurance Co.* 59 N.Y. 387; *Insurance Co.* v. *Miller*, 39 Ill. App. 633; *Insurance Co.* v. *Hoffman*, 31 id. 295; *Paul* v. *Insurance Co.* 112 N.Y. 472.

The object is indemnity, and the policy and such clauses are to be construed liberally in favor of the assured, so as not to defeat the claim for indemnity which the assured intended to secure. *Insurance Co.* v. *Hoffman*, 31 Ill. App. 295; *Fire Insurance Co.* v. *Scammon*, 100 Ill. 645; *Accident Ass.* v. *Frohard*, 33 Ill. App. 179; 1 May on Insurance, sec. 175; *Healey* v. *Accident Ass.* 133 Ill. 556.

THOMAS BATES, and LAWRENCE & LAWRENCE, for appellee.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the court:

This was an action brought by Abner R. Orr, assignee of W. B. Cauble, against the Hanover Fire Insurance Company, to recover the loss sustained by the burning of a certain two-story brick business building in the town of Sidell, in Vermilion county, which was insured against loss by fire in said company. The policy was issued February 14, 1893, to W. B. Cauble, to run one year, amount of insurance $2000. In the circuit court the parties waived a jury, and on a trial before the court a judgment was entered in favor of the plaintiff, which, on appeal to the Appellate Court, was reversed and a remanding order denied.

The policy upon which the action was brought contained the following provision: "If the interest of the insured be other than the entire, unconditional and sole ownership of the property for the sole use and benefit of the insured, or if the property be incumbered by any lien, deed of trust, judgment, mortgage, or otherwise, * * * or if the property, or any interest therein, be sold or transferred, or any change takes place (other than by the death of the insured) in the interest, title or possession, whether by legal process or judicial decree or voluntary transfer by the assured, * * * then in every such case this policy shall be void." The policy

further provides as follows: "If the property becomes subject to any lien or incumbrance by virtue of any mortgage, deed of trust, judgment or decree, then in every such case this policy shall be void, unless otherwise provided by agreement indorsed hereon."

On the fourth day of August, 1893,—five days before the fire,—W. B. Cauble made a voluntary assignment of all his property for the benefit of creditors, to Abner R. Orr, the person who instituted this suit. The assignee, Orr, on the day the assignment was executed, took possession of the property and remained in the possession thereof until the same was destroyed by fire. Prior to the fire it appears that five judgments, aggregating $1497.18, had been entered against the insured, Cauble, in the county and circuit courts of Vermilion county, by confession.

The policy, which is the contract between the parties, contains no ambiguity, and its language is plain and easily understood. If the insured had sold and conveyed the property, by absolute deed, before the fire, without the knowledge or consent of the insurance company, it is plain that, under the terms and conditions of the policy, no recovery could be had, for the reason the policy expressly provides that if the property insured be sold or transferred, or any change takes place in the interest, title or possession, the policy shall be void. Here the insured did not make a sale of the property, as that term is ordinarily understood, but he made an assignment, under the statute, for the benefit of creditors, and by deed of assignment, duly executed, he transferred the property embraced in the policy to an assignee, and the question presented is, whether that was such a transfer or change in the title as would render the policy void.

When an assignment is properly executed, acknowledged and recorded, it is well settled that the title of the assignor to the property, both real and personal, passes to the assignee. In other words, as was said in *Freyden-*

*dall* v. *Baldwin*, 103 Ill. 325 (on page 328): "It is a proposition that needs nothing in its support, if the voluntary assignment made by the failing debtors was valid, all the property, real and personal, which they owned at the time, passed to their assignee under the provisions of the statute." If, therefore, the title to the property, under and by virtue of the deed of assignment, passed from the insured to the assignee, it is plain there was a change in the title of the property caused by the voluntary act of the insured, and by the plain terms of the policy it became void.

May on Insurance (sec. 264) says, it is a general principle that the insured cannot recover unless he has an interest in the property at the time of the loss, and that an absolute alienation works a forfeiture, whether so stipulated in the policy or not, if the property remains out of the insured at the time of the loss; that a transfer to the assignee, by decree of court, of a bankrupt's estate, under the bankrupt laws of the United States, upon the bankrupt's petition, is an alienation. In such case the property is vested in the assignee, and though the proceedings may be stayed and the property may re-vest in the bankrupt, this is a contingency too remote to be considered the foundation of an insurable interest in the bankrupt. And he adds: "And, of course, a voluntary assignment for the benefit of creditors is equally a transfer, unless possession be retained by the assignor."

In the case of *Dadmun Manf. Co.* v. *Worcester Fire Ins. Co.* 11 Metc. 324, the assured made a general assignment, under the statute, for the benefit of creditors. Suit was brought by the assignee upon a policy of insurance which had been issued to the assignor, and which provided that "the alienation, in any way, of any property insured under this policy, shall, *ipso facto*, make the policy void, unless notice of the alienation shall be given to the company and endorsed on the policy." In the decision of the case it is said: "The facts in this case are, that the assured, being

embarrassed, assigned their property, including the premises insured, to Dadmun, Church & Lord, to sell the same and pay the debts secured by the assignment, and the deed of assignment contained only a qualified release of the assignors. This deed, it is now said by the plaintiffs, was fraudulent and void against creditors by force of the statutes of 1836 and 1838. However that may be, it does not now lie with the assignors to aver their fraud in making that deed in order to void the title made by them under it, and thus be allowed to fall back upon their former title. * * * No notice of the conveyance was given to the defendants nor did any assignment of the policy take place. This was a violation of the tenth rule of the defendants, of which they may avail themselves. It is said that this conveyance was in trust, to pay debts which the property was more than sufficient to cover; but this fact does not alter the character of the conveyance nor make it less an alienation." See, also, *Young* v. *Eagle Fire Ins. Co.* 14 Gray, 150; *Perry* v. *Lorillard Fire Ins. Co.* 61 N. H. 214.

But it is said in the argument that the conveyance in this case was in the nature of a mortgage or trust for the benefit of creditors, and "that there was no change, in fact, of title, but only in the evidence of it." We do not concur in that view. Upon the execution and delivery of the deed of assignment all the title and interest originally held by the assignor passed from him to the assignee. His legal interest was gone and the right of possession was gone. The assignee was clothed with the right and power to sell and convey the property and distribute the proceeds among the creditors. After the assignment the assignor has no more control over the property than he would have in case of an absolute sale.

In conclusion, we are satisfied the Appellate Court reached a correct conclusion, and its judgment will be affirmed.                         *Judgment affirmed.*